1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEON HAM, | CASE NO. 1:08-cv-01982-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| KEN CLARK, et al., | (Doc. 1) |
| Defendants. | |
| _____/ | |

**Screening Order**

**I.    Screening Requirement**

Plaintiff Dameon Ham ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on December 30, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Complaint

Plaintiff is incarcerated at the California Substance Abuse Treatment Facility and State Prison ("CSTAF"), where the events at issue in this action are occurring. Plaintiff alleges that he has had hypertension for fourteen years, and a sinus infection and a sinus tumor for years. Plaintiff alleges that he has not been provided with medical care for his ailments, and has been left to suffer in pain, despite his attempts to secure treatment by filing inmate appeals.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or

1   it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin

2   at 1060 (internal quotations omitted)).  Where a prisoner is alleging a delay in receiving medical

3   treatment, the delay must have led to further harm in order for the prisoner to make a claim of

4   deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd.

5   of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

6       In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege

7   sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an

8   excessive risk to [Plaintiff's] health . . . ."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

9   "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.

10  2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the

11  inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also

12  draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should

13  have been aware of the risk, but was not, then the official has not violated the Eighth Amendment,

14  no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175,

15  1188 (9th Cir. 2002)).  Further, "[a] difference of opinion between a prisoner-patient and prison

16  medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon,

17  662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).

18      With the exception of Warden Clark, the defendants named in the complaint were involved

19  in the appeals process.  The existence of an administrative remedy process does not create any

20  substantive rights and cannot support a claim for relief for violation of a constitutional right.

21  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

22  1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001).  While prison officials who cause or

23  contribute to a violation may be held liable, in general, "[r]uling against a prisoner on an

24  administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F.3d

25  605, 609 (7th Cir. 2007).

26      To state a claim, Plaintiff must show that the named defendants (1) acted under color of state

27  law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500

28  F.3d 978, 987 (9th Cir. 2007).  "A person deprives another of a constitutional right, where that

person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44). "[T]here is no pure *respondeat superior* liability under § 1983, [and] a supervisor [may only be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)). The Court will provide Plaintiff with the opportunity to file an amended complaint linking individual defendants to the violation of his rights.

## III.   Conclusion and Order

Plaintiff's complaint does not state a claim for violation of the Eighth Amendment. The Court will provide Plaintiff with the opportunity to file an amended complaint, in the event that Plaintiff is able to cure the deficiencies identified in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original

complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983, with leave to file an amended complaint within **thirty (30) days** from the date of service of this order; and

3.    If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:    February 20, 2009**          **/s/ Sandra M. Snyder**
                              UNITED STATES MAGISTRATE JUDGE