# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEON HAM, | CASE NO. 1:08-cv-01982-LJO-SMS PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| KEN CLARK, et al., | (Doc. 10) |
| Defendants. | ORDER THAT THIS DISMISSAL SHALL COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

## Screening Order

**I.      Screening Requirement**

Plaintiff Dameon Ham, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 30, 2008. On February 20, 2009, the Court dismissed Plaintiff's complaint for failure to state any claims upon which relief may be granted. Plaintiff filed an amended complaint on March 11, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II.  Plaintiff's Eighth Amendment Medical Care Claims

Plaintiff, who is housed at the California Substance Abuse Treatment Facility and State Prison in Corcoran, brings this action for denial of medical care, in violation of the Eighth Amendment of the United States Constitution. Plaintiff alleges that he has had hypertension for fourteen years, and a sinus infection and a sinus tumor for years. Plaintiff alleges that he has not been provided with medical care for his ailments, and has been left to suffer in pain, despite his attempts to secure treatment by filing inmate appeals.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation

of the Eighth Amendment, Plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994).

Further, under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

In this action, Plaintiff seeks to impose liability on Warden Ken Clark for failing to train, supervise, and discipline employees. (Doc. 10, Amend. Comp., ¶¶13-15.) Plaintiff's amended complaint is devoid of any facts describing personal involvement by Defendant Clark in Plaintiff's medical care. Defendant Clark's position as warden, alone, does not render him liable for the conduct of his staff, and Plaintiff fails to state a claim against him.

Plaintiff also seeks to impose liability on Staff Services Analyst J. Tercero, Chief Medical Officer E. Flores, Appeals Examiner M. Hodges-Wilkins, and Inmate Appeals Branch Chief Nola Grannis. Defendant Tercero interviewed Plaintiff regarding his inmate appeal at the second level of review and Defendant Flores partially granted Plaintiff's appeal at the second level of review. (Amend. Comp., Ex. B.) Defendant Hodges Wilkins reviewed Plaintiff's appeal at the Director's Level of review on behalf of Defendant Grannis. (Id., Ex. C.)

As Plaintiff was informed in the first screening order, the existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001). "Ruling against a prisoner on an administrative complaint does not cause or contribute to the

1  violation," George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007), and those defendants who were
2  involved only to the extent that they considered Plaintiff's inmate appeal may not be held liable,
3  Iqbal at 1948-49.  There is no vicarious liability under section 1983, and neither Plaintiff's
4  allegations nor Plaintiff's exhibits demonstrate that any of these defendants were personally involved
5  in Plaintiff's medical care or treatment plan.  Id.  Therefore, Plaintiff fails to state a claim against
6  them.

7  **III.    Conclusion and Order**

8       Plaintiff's amended complaint does not state a claim upon which relief may be granted under
9  section 1983.  Plaintiff was previously provided with the opportunity to amend but was unable to
10 cure the deficiencies in his claims.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).
11 Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim under
12 section 1983.  This dismissal SHALL count as a strike pursuant to 28 U.S.C. § 1915(g).

14 IT IS SO ORDERED.
15 **Dated:   July 29, 2009**              /s/ Lawrence J. O'Neill
                                             UNITED STATES DISTRICT JUDGE